**Feda KASAB, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73601.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed June 10, 2009.

Philip D. Abramowitz, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joshua E. Braunstein, Esq., John G. Amaya, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Feda Kasab, a native and citizen of Syria, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir.2009), and we grant the petition for review and remand.

The BIA cited an inconsistency in the original translation of the death certificate indicating that Zainab Rajoub was fourteen years old, yet the BIA also cited a purported corrected translation by the same translator of this same death certificate without indicating that the re-translation was not the accurate one. By failing to address the contradictory translations, the BIA failed to explain adequately its adverse credibility determination. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1140–41 (9th Cir.2004) (the BIA must explain what factors it has considered or relied upon sufficiently that the court is able to discern that it "has heard, considered, and decided"). Additionally, the BIA cited two inconsistencies between Kasab's testimony and declaration, but Kasab was never provided an opportunity to explain these perceived inconsistencies. *See Soto–Olarte*, 555 F.3d at 1092. Accordingly, we remand for further proceedings. *See id.* at 1095–96.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided